IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Truth ALI, et al., | |
| Plaintiff(s), | Civil No. 17-1766 (RBK/JS) |
| v. | **Opinion** |
| ATLANTICARE REGIONAL MEDICAL CENTER, | |
| Defendant. | |

**KUGLER**, United States District Judge:

Plaintiffs Truth Ali, Tanya Dickie, and T.A. ("Plaintiffs") are proceeding *pro se* on claims that appear to arise under the Fourteenth Amendment of the United States Constitution, against AtlantiCare Regional Medical Center ("Defendant"). Plaintiffs' application to proceed *in forma pauperis* will be granted based on the information provided therein and the Clerk will be ordered to file the Complaint. The Court must now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the Complaint will be **DISMISSED**.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Truth Ali and Tanya Dickie bring this matter against AtlantiCare Regional Medical Center arising from the birth of their child, T.A. They assert that Defendant failed to properly issue T.A.'s birth certificate because Defendant refused to use a birth record prepared

1

by Plaintiffs. *Id.* at 3–4. Plaintiffs' document states that the child is a national of Moorish America and not subject to the sovereignty of the United States.[1] *Id.* Ex. A. On March 16, 2017, Plaintiffs brought the present Complaint before this Court, apparently asserting that Defendant discriminated against them based on national origin (Doc. No. 1).

## II. LEGAL STANDARD

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

---

[1] The birth document prepared by Plaintiffs is drafted in a style indicating they are affected by or share in "Moorish," "Marrakush," "Murakush," or akin perceptions, which often coincide with "redempotionist" and/or "sovereign citizen" socio-political beliefs. *See El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 539–43 (D.N.J. 2011) (summarizing such schools of belief).

## III. DISCUSSION

The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. This is not a command that all persons be treated alike, but rather a direction that all persons similarly situated be treated alike. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race." *Washington v. Davis*, 426 U.S. 229, 239 (1976), or any other suspect classification. To make a claim of selective enforcement under the Equal Protection Clause, a plaintiff must prove that the defendant's actions (1) had a discriminatory effect and (2) were motivated by a discriminatory purpose. *Vill. of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 264–66 (1977). A showing of discriminatory effect requires a showing that the plaintiff was a member of a protected class, and that he was treated differently from those similarly situated who were not in that protected class. *Bradley v. United States*, 299 F.3d 197, 205–06 (3d Cir. 2002).

Plaintiffs fail to show both prongs. In determining whether Defendant's refusal to accept Plaintiffs' birth document had a discriminatory effect, the Court notes that national origin is indeed a suspect class. *Clark v. Jeter*, 486 U.S. 456, 461 (1988). However, the Complaint does not explain how Plaintiffs were treated differently from similarly situated persons outside their class. Support for the second prong is likewise lacking. Plaintiffs do not articulate any allegations as to Defendant's discriminatory purpose. Because there is a possibility Plaintiffs could amend the Complaint to state a plausible claim for relief, the Court dismisses the Complaint without prejudice.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs' application to proceed without prepayment of fees and costs is **GRANTED**. Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE**.

Dated:   8/14/2017                                              s/ Robert B. Kugler

                                                                                            ROBERT B. KUGLER

                                                                                            United State District Judge